IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MACAULAY T. KRUEGER,

                      Petitioner,                      ORDER

v.

                                                   13-cv-879-wmc

MICHAEL DITTMAN, Warden,
Redgranite Correctional Institution,

                      Respondent.

---

Macaulay Krueger, an inmate at the Redgranite Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has not paid the $5 filing fee. He has filed a motion requesting an order directing officials at the institution to pay the filing fee from his release account funds and that he be allowed to use his release account funds to pay for copying and postage in this case.

The use of release account funds is governed by state law. *See* Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[p]rior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including legal loans and restitution." The only exception is that release funds can used to pay an initial partial filing fee under the 1996 Prison Litigation Reform Act. Because 28 U.S.C. § 2254 cases are not subject to the 1996 Prison Litigation Reform Act and there is no other federal law that would require state officials to give petitioner money from his release account to prepay a habeas filing fee or the costs of litigating this case, petitioner's request to use release account funds will be denied.

Accordingly, to proceed on his habeas petition, petitioner must either pay the $5 filing fee or seek leave to proceed *in forma pauperis*. If he seeks indigent status, he must support his request with a trust account fund statement covering the six-month period preceding the filing of this lawsuit. In determining whether to allow a habeas petitioner to proceed *in forma pauperis*, this court uses the following formula. First, the court determines petitioner's average monthly deposits and his average monthly balances for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, the petitioner is not eligible for indigent status and will have to prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, he will be required to prepay whatever portion less than $5 has been calculated. Knowing this formula, petitioner should be able to determine whether he will qualify to proceed *in forma pauperis* or whether he should simply pay the filing fee.

ORDER

IT IS ORDERED that petitioner Macaulay Krueger's motion requesting an order directing payment of his filing fee from his release account funds is DENIED. Petitioner has until February 7, 2014, in which to submit either the $5 filing fee or an application for leave to proceed *in forma pauperis*. If petitioner does not have sufficient funds in his regular account to pay the $5 filing fee and does not think he will qualify for pauper status, he may request an enlargement of time to make the payment.

Entered this 10th day of January , 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge