IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MACAULAY T. KRUEGER,

                      Petitioner,                      ORDER

    v.

                                                        13-cv-879-slc

MICHAEL MEISNER, Warden,
Red Granite Correctional Institution,

                      Respondent.

---

On November 20, 2015, this court issued a decision and order denying petitioner Macaulay T. Krueger's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 53. Before the court is petitioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) with respect to the court's ruling on his double jeopardy claim. Dkt. 55. A motion to alter or amend a judgment is proper only when "'the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 252-53 (7th Cir. 2015) (quoting *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

Petitioner argues that I misunderstood the legal requirements of the controlling federal law for deciding when double jeopardy bars a retrial after the defendant moves for a mistrial. Specifically, he argues that I did not properly apply the test set out in *United States v. Dinitz*, 424 U.S. 600, 611 (1976), which held that the Double Jeopardy Clause bars retrials where "'bad-faith conduct by judge or prosecutor' . . . threatens the '(h)arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant." (citations omitted). In rejecting the defendant's double jeopardy argument, the *Dinitz* Court noted that the trial judge's alleged misconduct—banishing one of the defendant's attorneys from the proceedings—"was not done

in bad faith in order to goad the respondent into requesting a mistrial or to prejudice his prospects for an acquittal." *Id*. As I understand petitioner's argument, he contends that both this court and the state courts erred by focusing solely on whether the prosecutor was attempting to goad petitioner into requesting a mistrial instead of also considering whether the prosecutor's actions were designed to prejudice petitioner's prospects for an acquittal. Petitioner argues that this error resulted in the courts misapplying clearly established federal law.

Petitioner is incorrect. His argument overlooks the Supreme Court's decision in *Oregon v. Kennedy*, 456 U.S. 667, 674 (1982), in which the Court specifically rejected the contention that under *Dinitz*, retrial was barred if the defendant's motion for a retrial was prompted by "bad faith conduct" or "harassment" by the prosecutor, even absent evidence that the prosecutor was intending to cause a mistrial. Such a test was too broad, said the Court, because "[e]very act on the part of a rational prosecutor during a trial is designed to 'prejudice' the defendant by placing before the judge or jury evidence leading to a finding of his guilt." *Id*. The Court clarified the appropriate test as follows:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause . . . Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Id*. at 675-76.

2

As explained in this court's opinion and order denying petitioner's habeas petition, the state courts found as a matter of fact that the prosecutor did not intend to cause a mistrial. Dkt. 53, at 12. Contrary to petitioner's understanding, this was a fact that he was required to prove in order to prevent the state from retrying him. Nothing in petitioner's motion for reconsideration convinces me that I erred in finding that the state court of appeals' determination that the prosecutor lacked such intent was reasonable.

ORDER

The motion of petitioner Macaulay Krueger for reconsideration of the opinion and order entered November 20, 2015, dkt. 55, is DENIED.

Entered this 16th day of March, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge