United States Court of Appeals
7TH Circuit

Macaulay T. Krueger,
    Petitioner,

- VS -

Warden Michael Meisner,
    Respondent.

CASE#_____

Federal Habeas Case# 3:13-CV-000879-SLC
U.S. District Court
Wisconsin Western District

Motion for Certificate of Appealability.
Motion for Summary Judgment.

U.S. Court of Appeals
Clerk's Office
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

Jacob Julian Wittwer
Wisconsin Department of Justice
17 West Main Street
PO Box 7857
Madison, WI 53707-7857



On appeal from a Federal Habeas Petition in the United States District Court - Wisconsin Western District
Federal Habeas Case# 3:13-CV-000879-SLC

    I, Macaulay T. Krueger, Defendant-Appellant Pro Se - **Indigent**, reserving the right to challenge the jurisdiction of the court on all records, files, and proceedings heretofore had and taken herein, move the United States court of Appeals to hear this Motion. For the forgoing reasons I ask the court for a certificate of appealability pursuant to Fed. R. App. 22 and for summary judgment pursuant to Fed. R. Civ. P. 56 (a).

### *Appealability and Summery Judgment on Appealability.*

    The standard of review for summary judgment as outlined in *Gallion v. Boatwright*, 2008 U.S. Dist. Lexis 55042: "Summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.' **Fed. R. Civ. P. 56 (c)**; see also, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. ED. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *McNeal v. Macht*, F.Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law 'might affect the outcome of the suit.' See *Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return verdict for the nonmoving party." Id.. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. 574,587, 106 S. Ct. 1348, 89 L. Ed. 2d. 538 (1986).... '**Rule 56 (c)** mandates the entry of summary judgment, ... upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.' *Celotex Corp.*, 477 U.S. at 322".

    As the respondent nor the District court judge did not bother to respond in any measurable way to the petitioner's argument there is absence of a genuine issue of material fact – this court only has the petitioner's

arguments and no counter argument by the respondent or the Federal Judge. Also, the petitioner is entitled to a judgment as a matter of law due to this non-response, because the respondent and federal judge failed to make a showing to establish the existence of an element essential to the respondents case, specifically they failed to respond to the crux of the petitioner's argument in any measurable way that directly relates to the argument.

Krueger filed a motion to reconsider [55] pursuant to Fed. R. Civ. P. 59 (e) in the federal court from the order [53] in which the court did not respond to Krueger's *Dinitz* argument for Double Jeopardy. The court scheduled briefing and the state responded [60] that *Dinitz* was overruled by *Kennedy* which Krueger replied [61] that *Wallach II* overrules back to the same arguments in *Dinitz* and that *Kennedy* is ambiguous. (Also, See *Doyle* (United States V. Doyle, 121 F.3d 1078, 1084) whereas this court agrees *Wallach II* extends *Kennedy* to Krueger's described situation). The court denied [65] Krueger's motion [55] stating *Kennedy* overrules *Dinitz* but did not acknowledge *Wallach II*. Krueger filed another motion to reconsider [66] due to not responding to the *Wallach II* argument which was simply denied [67]. Krueger further asked for the chief judge to review [68] due to the magistrate patently misunderstanding my argument, and making a decision outside the adversarial issue, which was again denied [69] citing that Krueger gave jurisdiction to the magistrate judge.

**Bank of Waunakee v. Rochester Cheese**, 906 F.2d 1185, 1191 (7th Cir. 1990) "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission to the Court." (See Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011)). **Broaddus v. Shields**, 665 F.3d 846, 860 (7th Cir. 2011) "It is well established that a motion to reconsider [performs a valuable function and] is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning)... **Bank of Waunakee v. Rochester Cheese**, 906 F.2d 1185, 1191 (7th Cir. 1990)." **Harris v. Reivitz**, 142 Wis.2d 82, (Ct. App. 1987) "The new issues test should be liberally applied... Because the [**Ver Hagen v. Gibbons**, 55 Wis.2d 21, 26 (1972)] test represents a liberalization of appealability rules, we should apply it in that spirit... a liberal application of the Ver Hagen new issues test is consistent with the policy favoring reconsideration. The Supreme Court encourages litigants to request [reconsideration]..." (Internal cite omitted). **Oto v . Metro. Life Ins. Co.**, 224 F.3d 601, 606 (7th Cir. 2000) A case in which the petitioner brought two Fed. R. Civ. P. 59(e) motions for reconsideration; Gorak contends that this Court has committed a 'manifest error' and that its decisions represent a "wholesale disregard, misapplication, or failure to recognize the controlling precedent." **Russell v. Delco Remy**, 51 F.3d 746, 749-50 (7th Cir. 1995) "A court should correct a manifest error of law under Rule 59(e)... The district court therefore erred in applying the wrong [ ] standards..."   "District courts are ordinarily accorded a large measure of discretion in denying motions to reconsider. **Highlands Ins. Co. v. Lewis Rail Service**, 10 F.3d 1247, 1249 (7th Cir. 1993). But on the 59(e) motion at issue here, the district court's failure to inquire into [the argument] was error... In most instances, a litigant will be in the best position to direct a court's attention to applicable legal principles and standards." Id @ 752.

Therefore, this court should either proceed to deciding the double jeopardy issue itself, or remand the case to the U.S. District court with instructions to consider Krueger's Wallach II case law.

### *The Double Jeopardy Issue.*
### Summary Judgment on this issue is also requested.

Magistrate Judge Stephen Crocker in his opinion and order (docket 53) made no reference to Krueger's *Dinitz* (U.S. v. Dinitz, 424 U.S. 600, 611 (1976)) argument and denied Krueger relief solely based on *Kennedy* (Oregon V. Kennedy, 456 U.S. 667 (1982)). Krueger filed a motion to reconsider (docket 55) because Crocker did not cite how relief on *Dinitz* was not received. The state responded in (docket 60) that *Kennedy* overruled *Dinitz*, that Krueger must show the prosecutor caused the mistrial on purpose.

Krueger argued, in his reply brief, (docket 61), that *Kennedy* is ambiguous as to what parts – if any – that *Kennedy* overrules on *Dinitz*; that Crocker's own opinion cites parts in *Dinitz* that he states could meet double jeopardy but later states are overruled by *Kennedy*. Too further show *Kennedy* is ambiguous, *Wallach II* (United States v. Wallach, 979 F.2d 912, 913 (2nd cir 1992)) clarifies that Krueger's *Dinitz* argument is valid whereas "Retrial is barred where the error that prompted the mistrial is .. undertaken to .. prejudice the defendant." *Dinitz* defines prejudice as "to prejudice his prospects for an acquittal". *Wallach II* only adds "that the prosecutor believed

likely to occur in the absence of his misconduct". *Wallach II* states "bar to retrial .. where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct".

Both *Dinitz* and *Wallach II* require Krueger to prove the prosecutor prejudiced his prospects for an acquittal. *Wallach II* overrules *Kennedy* back to *Dinitz* requirements but requires additionally that Krueger show the prosecutor believed at the time an acquittal was likely to occur absent his misconduct.

<u>Hohn v. United States</u>, 524 US 236, 252-53, 118 S.Ct. 1969 (1998)
"Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raise doubts about their continuing vitality...We are obliged to follow Supreme Court precedent until it is explicitly overturned."

The 7th circuit U.S. court of Appeals (this court) in *Doyle* (United States V. Doyle, 121 F.3d 1078, 1084) agrees *Wallach II* extends *Kennedy* to Krueger's described situation. Therefore, this court specifically has "explicitly overturned" in part *Kennedy*. Since the decision in *Wallach II* was made in 1992 the State should have been aware of the case law overturning *Kennedy* and that *Doyle* extended it to Krueger's described circumstances. However, the state did not argue against, or bring up *Wallach II* or *Doyle*. Krueger as a pro se non lawyer litigant is to be given leeway in his litigation.

### *Summary Judgment requested:*

There is no showing in any previous courts - because the state and judges ignored Krueger's arguments - that would deny Krueger relief on the *Wallach II* argument.

Krueger must only show that <u>Wallach II element 1</u>. The prosecutors conduct prejudiced his prospects for an acquittal, and, <u>Wallach II element 2</u>. The prosecutor believed at the time an acquittal was likely to occur absent his misconduct. The State has had several opportunities to answer Krueger's *Dinitz* and *Wallach II* arguments and have not, they continue to insist that Krueger must prove *Kennedy*.

The prosecutor's action obviously prejudiced Krueger's prospects for an acquittal, and the prosecutors' actions and statements are enough to overcome any *<u>reasonable</u>* doubt that he did not do it to avoid an acquittal he believed likely.

<u>Toliver v. McCaughtry</u>, **910 F.Supp. 1366, 1371 (ED Wis. 1995)** Citing **Murray v. Carrier**, 477 US 478, 491, 106 S.Ct. 263 (1986), stating, "To prove prejudice under **Wainwright v. Sykes**, 433 US 72, 87, 97 S.Ct. 2497 (1977), ... requires a "showing that the prisoner was denied 'fundamental fairness' at trial." <u>United States ex rel, Smith v. DiBella</u>, 314 F.Supp. 446, 450 (D.Ct. Conn. 1970) "'It is monstrous to say in any case that a person must lose a valuable right simply because an officer of the court has blundered...' <u>Sanders v. U.S.</u>, 373 US 1, 8, 83 S.Ct. 1068 (1963). 'Why should the defendant lose a valuable right to the advantage of no one simply because [ ] an officer of the court makes a mistake?' <u>Fallen v. U.S.</u>, 378 US 139, 144, 84 S. Ct. 1689 (1964). What more can a defendant do than to entrust his rights to an officer of the court?'"

Krueger contends that it was at least an intentional mistake - something the ADA believed he could do -, if not purposely done - something he thought he could get away with.

**Wallach II element 1. Prejudice to Krueger's prospects for and acquittal is not in question:**

Circuit Court Judge Timothy M. Van Akkeren at trial in question:

"...The situation as arose here as I said the continuing asking of questions when it was known that this information had not been provided to the defendant may have been a type of misconduct. Knowing that we are talking about inculpatory statements being made by a witness that hadn't been provided in discovery... [24:25-26] ... This is certainly evidence that would have a degree of **prejudice to the defendant going to *certain of the elements of this offense*** even though this particular item is not directly well could be argued not directly the charge... [24:26] ... [L]ooking at what the nature of this case is and looking at what the nature of this testimony is it's not going to

unring the bell... [24:28] ... Under the circumstances here I cannot think of any other alternative that could be done that would not at this point really affect the **integrity of this proceeding here and the right that the defendant has to be able to respond to the charges against him,** and I think unfortunately the *prejudice* is too great. It is with great reluctance at this time that I grant a motion for mistrial. [24:30]."

There is no dispute in the response brief [33] or in the Response in opposition to petitioner's motion to alter or amend judgment [60] or any other document by Meisner as to if the mistrial was caused by prejudice to Krueger's prospects for an acquittal due to ADA Haberman eliciting 14 questions from Tyler that had not been previously disclosed in discovery. Even if the respondent had argued that prejudice to Krueger's prospects for an acquittal did not occur, this is what was ruled by Circuit Court Judge Timothy Van Akkeren and not even this court can change that absent a showing of an erroneous ruling. This was not challenged in any way by the respondent. It is imminent and clear that this element is met, that it prejudiced Krueger's prospects for and acquittal and therefore as far as to prejudice Krueger's prospects for an acquittal it is met for the issuance of the writ on double jeopardy for this element of *Wallach II*. No reasonable jury would find that it was not prejudicial to Krueger's prospects of and acquittal based on the state not proving the sex gratification element.

### Wallach II element 2. Did the prosecutor believe at the time an acquittal was likely to occur absent his misconduct?

Deciding About Intent: (as described in the juror instructions) You cannot look into a person's mind to find intent. Intent must be found, if found at all, from the defendant's acts, words, and statements, if any, and from all the facts and circumstances in this case bearing upon intent. While it is impossible to prove what was in the prosecutors mind absent him stating it outright, any juror would find that with the following there is enough to say beyond *reasonable* doubt that the prosecutor did believe the acquittal was likely to occur absent his misconduct. [Please also see the trial transcript document 24, and Attorney Nehls' arguments as to intentional in the Double Jeopardy hearing transcript document 26, 18:Appendix p1-3.]

1. The fact that Haberman lied to the circuit court and the newspaper proves a culpable mind as to the nature of an awareness that his activity was prejudicial and that he intentionally did something wrong. That he hid it from the court and newspaper that he knew of this evidence show's that he was trying to cover up his actions.

The prosecutor had the witness excused from the stand [24:18], then stated that the witness did not ever tell him what he is now testifying too [24:19] and tells the newspaper that it was new testimony that he had never heard [18:Appendix p4]. As Attorney Nehls' argues "I think it's an intentional act anytime you deny something that you know is true, anytime you misrepresent to the court. I think that – You know, the state would use that as evidence of guilt" and he points out that he thinks it was an "intentional act" [26:5]. I believe any juror would agree that given that he had Tyler excused so he could then lie to the court without Tyler correcting him that they would agree this was intentionally done.

2. That he states he did not plan to use it at trial [18:Appendix p5] also fails because he went 14 questions into the subject, especially since he had the witness removed and then the next thing he said was that the witness did not tell him, a fact we know to be false.

The Circuit Court did not provide a finding as to if the withholding of evidence, or continued asking of 14 questions that was known not to be in discovery, was intentional, the circuit court only found that it was **not done for two very specific reasons**. 1. That there was "no intention or there was no design to provoke a mistrial in order to allow for new testimony" (26:10). 2. "I can't say that this was designed, that it appears to me to have been designed to prejudice the defendant's right to have the trial concluded that first time" (26:11). Neither finding is at all instructive in finding if the prosecutor intentionally withheld evidence (a Brady violation) in order to gain the upper hand at trial because he believed if he did not Krueger would get acquitted.

3. That he wished to hide it goes directly to the element of intent - it shows he intentionally withheld the testimony from discovery in order to prejudice the jury against Krueger knowing he had to overcome the sex ed argument as he stated he would have to overcome the sex ed argument in order to avoid an acquittal [18:Appendix p7-8]. The State had argued in a motion for joiner of charges [18:Appendix p8] "what was the defendant's underlying intentions when he acted the way he did? This question will be argued by the defense as a 'sexual education'

argument, and will be argued by the prosecution as a 'sexual gratification or arousal argument' The jury's decision will hinge upon whose argument they believe." This is precisely why he withheld the only evidence that went to that element from discovery and brought it up at trial.

4. Krueger supplies Keenan [18:Appendix p9] where another prosecutor (the DA himself) does exactly the same thing - withheld discovery that was defense-crux-changing - and brought it up at trial. Krueger also informs this court that Haberman, Krueger's DA, has done this to attorney Nehls, Krueger's attorney, before in another case. Why would you have a history of withholding evidence from discovery that is defense-crux-changing if you are not doing it to avoid acquittal's that are believed likely without that intentional misconduct [IE: Brady Violation]? Krueger had a telephone hearing where Nehls' was subpoenaed, but the judge hung up on Krueger before he could call him as a witness.

5. Review of the testimony during Trial 1 shows that for the element of sexual arousal or gratification, the evidence / testimony that caused the mistrial was the only evidence supplied. This court can not take into consideration any evidence in Trial 2 would have been testified to in Trial 1. This court must therefore assume that the only evidence that proved that element is the only evidence that would have been testified to and thus that is why the prosecutor withheld it from discovery- IE: so the defense could not get it excluded in a limine or build a defense around it, as the circuit court said "Under the circumstances here I cannot think of any other alternative that could be done that would not at this point really affect the **integrity of this proceeding** here and **the right that the defendant has to be able to respond to the charges against him**, and I think unfortunately the *prejudice* is too great. It is with great reluctance at this time that I grant a motion for mistrial. [24:30]."

## CONCLUSION:

If a Jury were held in this case, no reasonable jury would deny that the prosecutor withheld the discovery in order to surprise the defense with it in order to avoid an acquittal he believed likely. The prosecutor admitted he would have to overcome the defenses sex ed argument and this was his well thought out plan to bring in surprise (Brady violated) testimony that was not provided in discovery to go toward his sex gratification argument, there was no other testimony up to that point that would have done that and the court can not take the second trial testimony into consideration. As it therefore shows this was the only evidence that would have been able to overcome the sex ed argument and therefore meet the sex gratification argument of the state it must be assumed that no other evidence would have been presented to prove that element and that is why the state hid it from discovery.

Dated this 27 TH day of June, 2016

X *[signature]*
Macaulay T. Krueger 570850
C/O Redgranite Correctional Institution
PO Box 925
Redgranite, WI 54970-0925